UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:10-CR-234 (JCH) |
| v. | : | |
| | : | |
| WILLIAM A. TRUDEAU, JR., | : | |
| Defendant. | : | JULY 8, 2014 |
| | : | |

**DECISION AFTER CONSIDERATION OF QUESTION ON REMAND FROM THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

After trial, a jury convicted William A. Trudeau, Jr. of one charge of conspiracy to commit bank fraud, mail fraud, and wire fraud, in violation of section 1349 of title 18 of the United States Code, and one count of wire fraud, in violation of section 1343 of the same title. It acquitted him of two counts of bank fraud, three counts of mail fraud, and two counts of wire fraud.

During sentencing, this court determined that the total offense level under the United States Sentencing Guidelines was 33 and that the criminal history category for the defendant was IV, for a Guidelines range of 188–235 months. Sentencing Hearing Transcript ("Tr.") (Doc. No. 208) at 80. The court stated in error that the maximum sentence applicable given the jury's verdict was 30 years (360 months). Id. at 105–06. The court then departed upward one criminal history level because it found that Trudeau's criminal history was understated. Id. at 126. It then stated erroneously that the resulting Guidelines range, given this upward departure, was 210–262 months. Id. Finally, after considering the section 3553(a) factors, id. at 126–34, the court imposed a non-Guidelines prison sentence of 188 months' duration. Id. at 134.

On appeal to the United States Court of Appeals for the Second Circuit, Trudeau

argued, inter alia, that this court erred in its sentencing. United States v. Trudeau, No. 13-769-cr, slip op. at 7 (2d Cir. Apr. 15, 2014). The Circuit Court agreed in one respect. Relying on the Supreme Court's recent holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), it held that the upper limit of the range of sentences that this court found applicable under the Guidelines was too high. Trudeau, slip op. at 8–9. While this court stated that the maximum applicable penalty was 30 years, in fact the maximum term of imprisonment applicable to either crime of which it was "clear" that the jury convicted Trudeau was 20 years (240 months).[1] Accordingly, this court committed procedural error in stating that the maximum penalty of imprisonment was 30 years and that the applicable departed-to Guidelines range was anything more than 240 months. Id. at 8.

The Second Circuit found that the sentence imposed upon Trudeau was "substantively reasonable," and thus "recognize[d] the district court's discretion on remand to impose the same 188-month sentence as it is below the 20-year statutory maximum sentence." Id. at 10. Because of the procedural error, however, the Second Circuit remanded this case "for the district court to consider whether it would have sentenced Trudeau differently if it had understood the statutory maximum sentence was 20 years for each count." Id. at 10.

---

[1] Had the jury "found beyond a reasonable doubt" that Trudeau's conviction of wire fraud "affect[ed] a financial institution," or if it had specifically found that the conspiracy's object was to commit wire fraud that "affect[ed] a financial institution," or to commit bank fraud, the applicable penalty would indeed have been 30 years. However, there was no basis in the record from which to conclude that the

argued, inter alia, that this court erred in its sentencing. United States v. Trudeau, No. 13-769-cr, slip op. at 7 (2d Cir. Apr. 15, 2014). The Circuit Court agreed in one respect. Relying on the Supreme Court's recent holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), it held that the upper limit of the range of sentences that this court found applicable under the Guidelines was too high. Trudeau, slip op. at 8–9. While this court stated that the maximum applicable penalty was 30 years, in fact the maximum term of imprisonment applicable to either crime of which it was "clear" that the jury convicted Trudeau was 20 years (240 months).[1] Accordingly, this court committed procedural error in stating that the maximum penalty of imprisonment was 30 years and that the applicable departed-to Guidelines range was anything more than 240 months. Id. at 8.

The Second Circuit found that the sentence imposed upon Trudeau was "substantively reasonable," and thus "recognize[d] the district court's discretion on remand to impose the same 188-month sentence as it is below the 20-year statutory maximum sentence." Id. at 10. Because of the procedural error, however, the Second Circuit remanded this case "for the district court to consider whether it would have sentenced Trudeau differently if it had understood the statutory maximum sentence was 20 years for each count." Id. at 10.

---

[1] Had the jury "found beyond a reasonable doubt" that Trudeau's conviction of wire fraud "affect[ed] a financial institution," or if it had specifically found that the conspiracy's object was to commit wire fraud that "affect[ed] a financial institution," or to commit bank fraud, the applicable penalty would indeed have been 30 years. However, there was no basis in the record from which to conclude that the

3

      Having considered the question posed by the Circuit Court and reviewed the record and its notes made before and during the sentencing hearing, this court now states, without any reservation, that it would not have sentenced Trudeau differently had it not made the error that the Second Circuit identified.   Put more positively, the court, now focused on a maximum statutory sentence of twenty years, would still, considering the corrected Guidelines range of 210 to 240 months and all of the other reasons it previously stated, impose a period of incarceration of 188 months.   Thus, the court will not resentence Trudeau.

      Dated at New Haven, Connecticut this 8th day of July, 2014.


      /s/ Janet C. Hall_____
      Janet C. Hall
      United States District Judge

---

jury had found this requisite fact.   Id. at 8.