UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:10-cr-00234 (JCH) |
| v. | : | |
| WILLIAM A. TRUDEAU, JR.,<br>        Defendant. | : | NOVEMBER 16, 2015 |

**RULING ON DEFENDANT'S MOTION FOR NEW TRIAL (DOC. NO. 242) AND COUNSEL'S MOTION FOR CLARIFICATION OF STATUS (DOC. NO. 245)**

**I.    INTRODUCTION**

Pending before the court is a Motion filed by the defendant, William A. Trudeau, Jr. ("Trudeau") for a new trial, see Mot. for New Trial (Doc. No. 242), and a Motion filed by Trudeau's trial counsel seeking clarification of their status, see Mot. for Clarification of Status as Counsel or for Leave to Withdraw as Counsel and for Appointment of Substitute Counsel ("Mot. for Clarification") (Doc. No. 245). The court will discuss each Motion in turn.

In his Motion for New Trial, filed pro se, Trudeau asserts that he is entitled to a new trial on the basis of newly discovered evidence that proves he is actually innocent of Count Nine of his criminal Indictment, see Mot. for New Trial at 1 (Doc. No. 242), which charged Trudeau with wire fraud in violation of section 1343 of title 18 of the United States Code, see Indictment at 16 (Doc. No. 1). Trudeau further asserts that because he is actually innocent of Count Nine of the Indictment, he is also necessarily innocent of Count One of the Indictment, see Mot. for New Trial at 1 (Doc. No. 242), which charged Trudeau with conspiracy to commit bank fraud, mail fraud, and wire

1

fraud in violation of section 1349 of title 18 of the United States Code, see Indictment at 1 (Doc. No. 1). Trudeau was convicted of Counts One and Nine of the Indictment at the conclusion of a jury trial on October 9, 2012. See Jury Verdict at 1, 2 (Doc. No. 171). The jury acquitted Trudeau of Counts Two through Eight of the Indictment. See id.

Trudeau's actual innocence argument derives from his contention that Count Nine of the Indictment was related to a single, $50,000 loan Trudeau obtained from James Agah. See Mot. for New Trial at 1 (Doc. No. 242). Trudeau claims that Agah loaned this money to Trudeau without a lending license, and also charged Trudeau an interest rate on the loan that was usurious. See id. at 5. Trudeau argues, without citation to authority, that the fact that Agah charged him a criminally usurious interest rate on the $50,000 loan means that Trudeau is actually innocent of wire fraud, because "[a]s a matter of law, a crime cannot occur if the victim of the alleged fraud committed loan sharking." Id. at 5. Trudeau further contends that once his conviction on Count Nine is vacated, "Count One must fall as Count Nine was the object of the conspiracy" alleged in Count One. Id. at 1. Trudeau claims that he only recently learned that Agah committed a crime when he loaned the money to Trudeau, and that this fact constitutes newly discovered evidence that warrants a new trial. See id. at 6-7.

After Trudeau filed his Motion seeking a new trial, Trudeau's trial counsel filed a Motion seeking clarification of their status or, in the alternative, for leave to withdraw as counsel and for the appointment of substitute counsel. See Mot. for Clarification (Doc. No. 245). Specifically, Trudeau's trial counsel want to know whether their appointment pursuant to the Criminal Justice Act, section 3006A of title 18 of the United States Code, has ended. See id. at 1. If the court concludes that the appointment of counsel has not

ended, Trudeau's trial counsel seek leave to withdraw on the basis of actual and potential conflicts created by Trudeau's Motion for New Trial.  See Mem. of Law in Supp. of Mot. for Clarification of Status as Counsel or for Leave to Withdraw as Counsel and for Appointment of Substitute Counsel at 2 ("Tr. Counsel Mem.") (Doc. No. 245-1).

For the reasons that follow, Trudeau's Motion for New Trial (Doc. No. 242) is **DENIED**, and the Motion for Clarification of Status as Counsel (Doc. No. 245) filed by Trudeau's trial counsel is **GRANTED**.

## II. BACKGROUND

In November 2010, a federal grand jury returned a nine count Indictment against Trudeau that charged him with bank fraud, mail fraud, wire fraud, and conspiracy to commit the aforementioned crimes.  See Indictment (Doc. No. 1).  On October 9, 2012, a jury convicted Trudeau of one count of wire fraud and the count of conspiracy.  See Jury Verdict (Doc. No. 171).  The court sentenced Trudeau to 188 months imprisonment, five years of supervised release, and restitution of $4,260,008.40.  See Judgment at 1-2 (Doc. No. 200).

Trudeau appealed his sentence, making arguments that appear again in the present Motion: namely, that the jury convicted him of a single, $50,000 wire fraud (Count Nine), and that the fraud set forth in Count Nine was necessarily the object of the conspiracy for which he was convicted (Count One).  Br. for Def.-Appellant William Trudeau at 16, United States v. Trudeau, 562 Fed. Appx. 30 (2d Cir. 2014).  The Second Circuit rejected these arguments, finding that the court acted properly when it found, by a preponderance of the evidence and for purposes of sentencing, that the conspiracy for which Trudeau was convicted was a multi-object conspiracy that went

beyond the single wire fraud charged in Count Nine.  See Trudeau, 562 Fed. Appx. at 33-34.

The Second Circuit held, however, that the district court improperly concluded that the statutory maximum sentence for Trudeau's crimes was thirty years, and therefore remanded for the court to assess whether it would have sentenced Trudeau differently if the court had used the correct statutory maximum in its deliberations.  Id. at 35.  After due consideration, the court found that it would have imposed the same sentence on Trudeau had it understood that the statutory maximum was twenty years imprisonment, and therefore declined to resentence him.  See Decision after Consideration of Question on Remand from the U.S. Ct. of Appeals for the Second Circuit at 3 (Doc. No. 237).

Trudeau appealed again, and again contended that the court erred in determining for purposes of sentencing that the conspiracy for which Trudeau was convicted was multi-object.  See Br. for Def.-Appellant William Trudeau at 8-9, United States v. Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014).  The Second Circuit summarily affirmed the court's decision not to resentence Trudeau.  See Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014) (Doc. No. 241).

A year after the conclusion of his last direct appeal—and three years after the jury returned a verdict of guilty on the counts of conspiracy and wire fraud in his criminal trial—Trudeau, acting pro se, filed a Motion seeking a new trial on the basis of newly discovered evidence.  See Mot. for New Trial (Doc. No. 242).

### III.  STANDARD OF REVIEW

Pursuant to the Federal Rules of Criminal Procedure, a defendant may file a motion for a new trial; such a motion may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a).  A motion for a new trial on the basis of newly discovered evidence must be filed within three years of the jury verdict or finding of guilty, while motions based on other grounds must be filed within 14 days of the verdict or finding of guilty.  Id. at 33(b).  A successful Rule 33 motion on the basis of newly discovered evidence requires: "(1) the evidence be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007).

Although a district court "has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29," the court "nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'" United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)).  "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." Id. at 134.  "In other words, there must be a real concern that an innocent person may have been convicted" for the ordering of a new trial to be appropriate.  United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotation marks, alteration, and citation omitted).

**IV.   DISCUSSION**

    A.    <u>Motion for New Trial (Doc. No. 242)</u>

At the outset, the court notes that Trudeau's Motion for New Trial was filed more than fourteen days after the jury returned a verdict in his criminal trial.  <u>Compare</u> Jury Verdict at 2 (Doc. No. 171) (dated October 9, 2012), <u>with</u> Mot. for New Trial at 7 (Doc. No. 242) (dated October 2, 2015).  Therefore, the only ground on which Trudeau may seek a new trial under Rule 33 is the existence of newly discovered evidence.  <u>See</u> Fed. R. Crim. P. 33(b).  For the reasons that follow, the court concludes that Trudeau's contention that there is newly discovered evidence that warrants the grant of a new trial in his case is without merit.

First, Trudeau's allegation that the purportedly usurious interest rate charged by Agah on the $50,000 loan means that it was not possible for Trudeau to have committed wire fraud with respect to the Agah transaction is not "evidence."  Evidence is "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact," or "anything presented to the senses and offered to prove the existence or nonexistence of a fact."  <u>Evidence</u>, <u>Black's Law Dictionary</u> (10th ed. 2014).  However, the instant Motion is not itself evidence, Trudeau has not offered anything in support of the Motion that could be construed as evidence,[1] and the Motion does not identify any evidence that Trudeau has failed to submit.  <u>See</u> Mot. for New Trial (Doc. No. 242).  Trudeau's Motion articulates a legal theory that Trudeau claims is newly discovered.  <u>See</u> <u>id.</u> at 6.  Legal theories are not evidence within the meaning of Rule 33.  <u>See, e.g.</u>, <u>United States v. Olender</u>, 338 F.3d 629, 635

---

[1] For example, Trudeau has not submitted a sworn affidavit or other documentary evidence in support of the argument in the Motion.

6

(6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); United States v. Walker, 182 F.3d 902 (2d Cir. 1999) (summary order); United States v. Shelton, 459 F.2d 1005, 1006-07 (9th Cir. 1972) ("While the term 'newly discovered evidence' as used in Rule 33 is often evidence only in a loose sense, . . . it has not been extended to 'discovery' of a new issue of law.' (internal citations and quotation omitted)).  Therefore, Trudeau has not offered or cited evidence that would warrant relief under Rule 33.

Second, even if Trudeau had submitted some kind of evidence in support of his Motion, that evidence would not be "newly discovered" within the meaning of Rule 33.  "[I]n order to constitute newly discovered evidence, not only must the defendant show that the evidence was discovered after trial, but he must also demonstrate that the evidence 'could not with due diligence have been discovered before or during trial.'" United States v. Forbes, 790 F.3d 403, 408-09 (2d Cir. 2015) (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980)).  Trudeau was well aware of the facts relevant to the claims in the present Motion at the time of his trial.  Trudeau himself cites a portion of the trial transcript where Agah testified that Trudeau repaid Agah $56,000 on a $50,000 loan that Trudeau held for approximately six months.  See Mot. for New Trial at 3 (Doc. No. 242).  The only thing Trudeau has "newly discovered" is that Connecticut prohibits interest rates in excess of twelve percent for certain loans.  See Conn. Gen. Stat. Ann. § 37-4.  Again, this relates to a legal theory and is not evidence.  Even if it was evidence, Trudeau offers no reason this could not have been uncovered through "due diligence" before or during his trial.  Therefore, the "evidence" set forth in Trudeau's Motion is not newly discovered, and he is not entitled to relief under Rule 33.

Finally, even assuming, arguendo, that Trudeau's Motion sets forth newly discovered evidence, the interest of justice does not require the court to order a new trial in this case, because the substance of Trudeau's Motion is without merit. The crime charged in Count Nine of the Indictment was complete at the time Trudeau sent the relevant communication with the intent to defraud; it is not an element of the federal crime of wire fraud that the person perpetrating the fraud actually receive money as a result of the fraudulent transmission. See 18 U.S.C. 1343 (making it a crime to "transmit[] or cause[] to be transmitted" a communication that is directed at "obtaining money or property by means of false or fraudulent pretenses"); United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996) (noting that under section 1343, "the government need not prove that the scheme successfully defrauded the intended victim"). Thus, Trudeau's wire fraud was complete before Agah allegedly charged Trudeau a criminally usurious interest rate on the loan. Even if it were true that Agah committed a crime when he charged Trudeau interest on the $50,000 loan, Agah's crime would not negate Trudeau's liability for the crimes he had already committed and for which he was convicted.[2]

Furthermore, it is not true that Agah charged Trudeau a criminally usurious interest rate on the $50,000 loan. Agah received a mortgage in exchange for the loan that he gave to Trudeau. See Trial Tr., Fifth Day of Test., at 70. Mortgages of real

---

[2] Trudeau provides no authority for his contention to the contrary, i.e., that "a crime cannot occur if the victim of the alleged fraud committed loan sharking," Mot. for New Trial at 5 (Doc. No. 242), and the court is unaware of authority that supports this contention. Under Connecticut law, the fact that a borrower was charged a usurious interest rate on a loan may be a defense in some civil lawsuits, but that defense does not appear to be applicable in criminal cases, such as this one. See Conn. Gen. Stat. Ann. § 37-8 (noting that "[n]o action shall be brought to recover principal or interest" on a loan made at usurious interest rates); Ferrigno v. Cromwell Development Associates, 244 Conn. 189, 193 (1998) (explaining that under Connecticut law, usurious interest rates may subject lenders to "criminal penalties and civil forfeiture"). Furthermore, Trudeau's convictions were for federal crimes, not state crimes.

property for sums greater than $5,000 are not subject to the criminal and civil penalties for usurious loans provided for by Connecticut law. See Ferrigno v. Cromwell Development Associates, 244 Conn. 189, 194 (1998) (noting that mortgages "for amounts in excess of $5000 with interest rates greater than 12 percent per annum are exempt from the operation of [section] 37-4" and therefore such mortgages are not subject to the criminal penalties and civil sanctions provided for by Connecticut statute). Because Agah would not have been subject to criminal penalty for charging Trudeau an interest rate in excess of twelve percent on a $50,000 loan secured by a mortgage on real property, Trudeau's theory that he is not liable for his own criminal activity because he was the victim of a crime is wholly without merit.

For the forgoing reasons, Trudeau's Motion for New Trial does not contain newly discovered evidence and is without merit as a matter of law. An evidentiary hearing on the Motion is unnecessary. See Forbes, 790 F.3d at 411. Trudeau's Motion for New Trial (Doc. No. 242) is denied.

B.      Motion for Clarification (Doc. No. 245)

After Trudeau filed the Motion for New Trial, Trudeau's trial counsel filed a Motion seeking clarification of their status with respect to Trudeau. See Mot. for Clarification (Doc. No. 245). In particular, Trudeau's counsel inquired as to whether their appointment under the Criminal Justice Act, section 3006A of title 18 of the United States Code ("the Criminal Justice Act"), has ended. See id. at 1. If the court concludes that their appointment has not ended, trial counsel seek leave to withdraw and for the appointment of new counsel. See Tr. Counsel Mem. at 2 (Doc. No. 245-1).

Under the Criminal Justice Act, criminal defendants who are not able to afford representation are entitled to "be represented at every stage of the proceedings from . . . initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings."  18 U.S.C. § 3006A(c).  Trudeau's direct appeals related to his trial and sentence were exhausted in November 2014, when the Second Circuit summarily affirmed the court's decision not to resentence Trudeau.[3]  See United States v. Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014) (Doc. No. 241).  Trudeau's Motion for New Trial was filed nearly a year after the exhaustion of his direct appeals.  See Mot. for New Trial at 7 (Doc. No. 242) (dated October 2, 2015).  Trudeau's Motion is not "ancillary" to the proceedings up to and including his direct appeal, and the appointment of his trial counsel pursuant to the Criminal Justice Act does not extend to assisting Trudeau with this post-appeal Motion for New Trial.  See 18 U.S.C. 3006A(c); see also United States v. Birrell, 482 F.2d 890, 892 (2d Cir. 1973) ("It is plain that neither [section 3006A] nor [Fed. R. Crim. P. 44] mandated the assignment of counsel to assist in the presentation of a motion for a new trial subsequent to the completion of the appellate process.").

In addition to noting that the appointment of Trudeau's trial counsel under the Criminal Justice Act has ended, the court declines to appoint new counsel to represent Trudeau with respect to his Motion for New Trial.  Trudeau is not entitled, as a matter of right, to the appointment of counsel to assist in the preparation of his Motion for New Trial.  See 18 U.S.C. § 3006A(c); Birrell, 482 F.2d at 892 (noting that whether to appoint

---

[3] This was the end of the second appeal of Trudeau's sentence undertaken by Trudeau's trial counsel.  The first direct appeal, which raised some of the same issues, ended when the Supreme Court denied Trudeau's Petition for Writ of Certiorari.  See Trudeau v. United States, 135 S. Ct. 388 (2014).

counsel to assist with a post-appeal motion for new trial is "in the discretion of the district judge"). Trudeau also has not moved the court for the appointment of counsel. Even if the Motion by Trudeau's trial counsel—who, as noted above, are no longer appointed to represent Trudeau—could reasonably be construed as a request by Trudeau for the appointment of counsel, the court would decline to appoint counsel to assist Trudeau with his Motion for New Trial. As explained in the preceding sections, the Motion submitted by Trudeau fails to "set forth any grounds whatsoever on which a motion for a new trial could reasonably be predicated, much less granted." Birrell, 482 F.2d at 892. The defects in Trudeau's Motion could not be cured with legal assistance and, as a result, the appointment of counsel in this case is not warranted.

**V.     CONCLUSION**

Trudeau's Motion for New Trial (Doc. No. 242) does not present newly discovered evidence, and the substance of the Motion is without merit. As a result, "the interest of justice" does not require a new trial in this case. Fed. R. Crim. P. 33(a). The Motion for New Trial (Doc. No. 242) is **DENIED**. The Motion for Clarification (Doc. No. 245) filed by Trudeau's trial counsel is **GRANTED**. The court has clarified, supra, that counsel no longer represent Trudeau.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 16th day of November, 2015.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Janet C. Hall
　　　　　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　　　　　United States District Judge