UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. |
| | : | 10-CR-234 (JCH) |
| v. | : | |
| WILLIAM A. TRUDEAU, JR., | : | |
| Defendant. | : | FEBRUARY 11, 2016 |
| | : | |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. NO. 255), MOTION TO TRANSFER/DISQUALIFY/RECUSE JUDGE (DOC. NO. 257), AND SECOND SUPPLEMENTAL MOTION FOR RECUSAL (DOC. NO. 258)**

**I.   INTRODUCTION**

William A. Trudeau, Jr. ("Trudeau") has filed a number of motions that seek to cause the court to recuse itself from the adjudication of his pending Motion for New Trial (Doc. No. 242) and any future proceedings associated with his case.  See Def.'s Response to this Court's Notice and Ruling on Counsel's Mot. for Clarification of Status (Doc. No. 245), Mot. in Opp. to Appointment of Counsel and Def.'s Supplemental Mot. for Recusal of the Hon. Janet C. Hall and Prohibition Demand from the Interfering of Judge Hall and Roberta [sic] D. Tabora, Clerk of the United States District Court for the District of Connecticut ("Mot. to Recuse") (Doc. No. 257); Def.'s Second Supplemental Mot. for Recusal ("Second Mot. to Recuse") (Doc. No. 258).  Trudeau has stated that his first recusal Motion also includes three supplemental Motions to: (1) object to the construction of his Motion for New Trial as a Motion pursuant to section 2255 of title 28 of the United States Code, (2) object to the appointment of counsel as primary counsel, and (3) prohibit the Clerk of Court from interfering with the docketing of Trudeau's Motions.  See Second Mot. to Recuse at 2 (Doc. No. 258).

1

Trudeau has also filed a Motion for Reconsideration (Doc. No. 255), which Motion asks the court to reconsider its November 17, 2015 Ruling denying his Motion for New Trial, see Ruling (Doc. No. 246).  However, the court vacated that Ruling on November 20, 2015, because the Ruling was entered prior to the expiration of time for Trudeau to file, and the court to consider, any reply to the government's Memorandum in Opposition to Trudeau's Motion.  See Minute Entry (Doc. No. 249) (vacating the court's Ruling on Trudeau's Motion for New Trial).  Briefing on Trudeau's Motion for New Trial is now complete, but the court has not yet ruled on that Motion.  Thus, Trudeau's Motion for Reconsideration (Doc. No. 255) is denied as moot.

Although Trudeau's Motion for Reconsideration (Doc. No. 255) is denied, the court will give full consideration, in connection with his Motions for recusal, to the Affidavit attached to the Motion for Reconsideration, see Aff. Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a) in Support of the Recusal of the Hon. Janet C. Hall as the Presiding United States District Judge in this Matter ("Trudeau Recusal Aff.") (Doc. No. 255-1), which Trudeau has characterized as an "appended Motion for Recusal," see Mot. to Recuse at 4 (Doc. No. 257).

For the reasons set forth below, Trudeau's Motions to Recuse (Doc. Nos. 257 & 258) are **DENIED**, his Motion to restrict the court from construing his Motion for New Trial as a section 2255 Motion (Doc. No. 257) is **GRANTED**, and his Motion to prohibit the Clerk of Court from interfering with the filing of his Motions (Doc. No. 257) is **TERMINATED AS MOOT**.  Furthermore, the court notes that it has already granted Trudeau's Motion to limit appointed counsel to standby status.  See Order (Doc. No. 259).

## II.    BACKGROUND

In November 2010, a federal grand jury returned a nine count Indictment against Trudeau that charged him with bank fraud, mail fraud, wire fraud, and conspiracy to commit the aforementioned crimes. See Indictment (Doc. No. 1). On October 9, 2012, a jury convicted Trudeau of one count of wire fraud and the count of conspiracy. See Jury Verdict (Doc. No. 171). The court sentenced Trudeau to 188 months imprisonment, five years of supervised release, and restitution of $4,260,008.40. See Judgment at 1-2 (Doc. No. 200).

Trudeau appealed his sentence, making arguments that appear again in various motions presently pending in his case: namely, that the jury convicted him of a single, $50,000 wire fraud (Count Nine), and that the fraud set forth in Count Nine was necessarily the object of the conspiracy for which he was convicted (Count One). Br. for Def.-Appellant William Trudeau at 16, United States v. Trudeau, 562 Fed. Appx. 30 (2d Cir. 2014). The Second Circuit rejected these arguments on direct appeal, finding that the court acted properly when it found, by a preponderance of the evidence and for purposes of sentencing, that the conspiracy for which Trudeau was convicted was a multi-object conspiracy that went beyond the single wire fraud charged in Count Nine. See Trudeau, 562 Fed. Appx. at 33-34.

The Second Circuit held, however, that the district court improperly concluded that the statutory maximum sentence for Trudeau's crimes was thirty years, and therefore remanded for the court to assess whether it would have sentenced Trudeau differently if the court had used the correct statutory maximum in its deliberations. Id. at 35. After due consideration, the court found that it would have imposed the same

3

sentence on Trudeau had it understood that the statutory maximum was twenty years imprisonment, and therefore declined to resentence him. See Decision after Consideration of Question on Remand from the U.S. Ct. of Appeals for the Second Circuit at 3 (Doc. No. 237).

Trudeau appealed again, and again contended that the court erred in determining for purposes of sentencing that the conspiracy for which Trudeau was convicted was multi-object. See Br. for Def.-Appellant William Trudeau at 8-9, United States v. Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014). The Second Circuit summarily affirmed the court's decision not to resentence Trudeau. See Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014) (Doc. No. 241).

A year after the conclusion of his last direct appeal—and three years after the jury returned a verdict of guilty on the counts of conspiracy and wire fraud in his criminal trial—Trudeau, acting pro se, filed a Motion seeking a new trial on the basis of newly discovered evidence. See Mot. for New Trial (Doc. No. 242). The court entered a Ruling on that Motion on November 17, 2015. See Ruling (Doc. No. 246). Three days later, having realized that the Ruling on Trudeau's Motion for New Trial was entered prior to the expiration of time for Trudeau to file a reply to the government's Opposition to his Motion for New Trial, the court sua sponte vacated its Ruling. See Order (Doc. No. 249) (vacating the court's Ruling on Trudeau's Motion for New Trial). On the basis of the arguments made by Trudeau in his Reply, which largely focused on allegations that his trial counsel were ineffective, see Def.'s Reply to Government Response to

4

Order to Show Cause at 3 (Doc. No. 248), the court notified[1] Trudeau that it would construe his Motion for New Trial as a Motion pursuant to section 2255 of title 28 of the United States Code unless Trudeau objected, see Notice and Ruling on Counsel's Mot. for Clarification of Status (Doc. No. 250), in keeping with Second Circuit case law, see Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

On December 10, 2015, Trudeau, apparently unaware that the court had already vacated its prior Ruling, filed a Motion for Reconsideration. See Mot. for Reconsideration (Doc. No. 255). The Motions for Recusal followed shortly thereafter. See Mot. to Recuse (Doc. No. 257); Second Mot. to Recuse (Doc. No. 258).[2] On December 22, 2015, the government filed an Opposition to Trudeau's Motions for Recusal. See Government's Mem. in Response to Def.'s Suppl. Mots. for Recusal (Doc. No. 260). Trudeau's Reply to the government's Opposition was docketed on January 4, 2016. See Def.'s Response to Government's Mem. in Response to Def.'s Suppl. Mot. for Recusal (Doc. No. 263).

---

[1] In the same filing, the court ruled on the Motion by Trudeau's trial counsel for clarification as to their status, concluding that the appointment of Trudeau's trial counsel pursuant to the Criminal Justice Act, section 3006A of title 18 of the United States Code, had ended. See Notice and Ruling on Counsel's Motion for Clarification of Status at 3 (Doc. No. 250). The court therefore permitted Trudeau's trial counsel to withdraw and granted counsel's Motion to appoint new counsel to represent Trudeau "in connection with the decision as to whether his Motion for New Trial (Doc. No. 242) should be construed as a motion for habeas corpus." Id. The court also informed Trudeau that he could object to the court's appointment of counsel. See id.

[2] Trudeau's Motion to Recuse (Doc. No. 257) is located at three separate docket entries in CM/ECF. See Response (Doc. No. 256); Mot. to Recuse (Doc. No. 257); Response (Doc. No. 261). Because the text of these filings is identical, the court need not rule on, or address, each filing separately. Throughout this Ruling, the court will use docket number 257 as a stand-in for all three of these identical filings.

## III. LEGAL STANDARD

Trudeau has moved for recusal pursuant to section 144 of title 28 of the United States Code and section 455 of title 28 of the United States Code. See Trudeau Recusal Aff. at 1 (Doc. No. 255-1).

Section 455 of title 28 of the United States Code provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

By its own terms, section 455 does not provide relief to a party seeking to cause a court to recuse itself from a case; rather, it acts as a self-governing directive for the district court. 28 U.S.C. § 455(a)-(b) ("Any . . . judge . . . of the United States shall disqualify himself . . . . He shall also disqualify himself . . . .") (emphasis added). However, a party may seek relief on proper motion under section 144 of title 28 of the United States Code. That section provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against either him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The statute requires that the movant's affidavit "state the facts and the reasons for the belief that bias or prejudice exists." Id.

6

The Second Circuit has instructed that sections 455 and 144 are to be read together, and that both are generally governed by the same standards. Apple v. Jewish Hosp. and Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). Generally, the court should look to extrajudicial sources of bias or impartiality, rather than a judge's conduct in the judicial context. Id.; see also Liteky v. United States, 510 U.S. 540, 551-54 (1994) (noting that "[i]t is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the only basis for establishing disqualifying bias or prejudice" and holding that this "extrajudicial source" doctrine applies to both section 455(a) and section 455(b)). Additionally, the substantive standard for both statutes is identical: "whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." Apple, 829 F.2d at 333; see also Dekom v. New York, 583 Fed. Appx. 15, 17 (2d Cir. 2014) (same). Put another way, the key question is "whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotations, alterations, and citation omitted).

Section 144's forbearance requirement, directing that the judge "proceed no further therein" upon proper motion, 28 U.S.C. § 144, is not triggered by "[t]he mere filing of an affidavit of prejudice," National Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978). Rather, "a judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily." Id.

## IV. DISCUSSION

The gravamen of Trudeau's Motion is that the court must recuse itself because it has demonstrated "impartiality . . . contempt . . . extrajudicial bias, prejudice, and animosity" toward Trudeau during the proceedings associated with this case. Trudeau Recusal Aff. at 2 (Doc. No. 255-1). Trudeau cites the following, specific behavior in support of his contention that recusal is necessary:

- The court's actions in "raising and enhancing Defendant's sentencing level 174 months/14.5 years based solely on acquitted conduct," Trudeau Recusal Aff. at 2 (Doc. No. 255-1);

- The fact that the court "has sentenced far worse defendant's [sic] to far less time," id.;

- The court's denial of Trudeau's Motion for New Trial prior to the expiration of time for Trudeau to file a reply, see id. at 2-3;

- The court's failure to provide Trudeau with documents filed in CM/ECF, see id.; see also Mot. to Recuse at 4 (Doc. No. 257);

- The court's statement at Trudeau's sentencing that Trudeau's crimes "were at a PhD level," Trudeau Recusal Aff. at 4 (Doc. No. 255-1);

- The fact that the court declined to resentence Trudeau following the Second Circuit's partial remand, see id. at 4;

- The court's failure to enter Trudeau's Motions on the docket, see Mot. to Recuse at 4 (Doc. No. 257);

- The court's Notice that it would construe Trudeau's Motion for New Trial as a Motion pursuant to section 2255 of title 28 of the United States Code unless Trudeau objected, see id.; and

- The court's appointment of counsel to represent Trudeau in connection with these post-appeal matters, see Second Mot. to Recuse at 2-3 (Doc. No. 258).

After careful consideration, and for the reasons that follow, the court concludes that these allegations are insufficient to trigger the forbearance requirement and do not justify transfer of this case to another district judge.

Several of Trudeau's allegations, including Trudeau's argument that the court showed him contempt by "raising and enhancing Defendant's sentencing level 174 months/14.5 years based solely on acquitted conduct," Trudeau Recusal Aff. at 2 (Doc. No. 255-1), as well as the fact that the court declined to resentence Trudeau following the Second Circuit's partial remand, see id. at 4, have already been raised by Trudeau on appeal and rejected by the Second Circuit. See Trudeau, 562 Fed. Appx. at 33; Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014) (Doc. No. 241) (summarily affirming the court's decision not to resentence Trudeau). Although the court recognizes and appreciates that Trudeau wishes his case had turned out differently, the court's decision to impose a sentence that is appropriate under the substantive criminal statutes, the United States Sentencing Guidelines, and the Second Circuit's precedents is not, by itself, evidence of bias, lack of impartiality, or prejudice toward Trudeau. Because these allegations fail to raise a "genuine question concerning [the court's] impartiality," Liteky, 510 U.S. at 552, they do not mandate recusal.

Other allegations contained in Trudeau's Affidavit and Motions fail to warrant recusal because they are moot. For example, Trudeau's argument that the court's denial of his Motion for New Trial evidences bias because that Ruling was entered prior of the expiration of time for him to file a reply to the government's Opposition is moot, because the court vacated its Ruling days after the Ruling entered.[3] See Order (Doc. No. 249). More to the point, the court's premature entry of the Ruling was inadvertent error. Similarly, Trudeau's contention that the court exhibited "extrajudicial bias," Mot. to Recuse at 4 (Doc. No. 257), when it notified Trudeau that it would construe his Motion for New Trial as a Motion pursuant to section 2255 of title 28 of the United States Code and appointed counsel to represent Trudeau[4] in these post-appeal proceedings lacks merit and is moot because the court gave Trudeau the opportunity to object and, once Trudeau objected on both fronts, adhered to Trudeau's stated wishes. See Order (Doc. No. 259) (appointing standby counsel only, per Trudeau's request); supra note 4 (granting Trudeau's Motion to preclude the court from construing his Motion for New Trial as a section 2255 Motion).

---

[3] Trudeau's Motion for New Trial is still pending. See Mot. for New Trial (Doc. No. 242).

[4] Trudeau has characterized both his objection to the court's suggested construction of his Motion for New Trial as a Motion pursuant to section 2255 of title 28 of the United States Code and his objection to the court's appointment of counsel to represent him as Motions. See Second Mot. to Recuse at 2 (Doc. No. 258) ("On December 7, 2015 . . . Defendant filed four motions in this matter."). Trudeau need not have filed Motions for the court to take notice of his timely filed Objections, which were invited by the court. See Notice and Ruling on Counsel's Mot. for Clarification of Status at 2 (Doc. No. 250) ("If Trudeau does not want the court to construe his Motion as one pursuant to section 2255, he shall inform the court by December 14, 2015 of his objection."); id. at 3 ("If Trudeau objects to counsel being appointed, he should file that objection no later than December 14, 2015.").
The court has already granted Trudeau's request that his appointed counsel serve only on stand-by basis. See Order (Doc. No. 259) ("In light of defendant's Objection to Appointment of Counsel, the court will, for now, appoint Attorney Moscowitz as standby counsel only."). Furthermore, although the court has yet to rule on Trudeau's Motion for New Trial, the court will honor Trudeau's request that his Motion for New Trial not be construed as a section 2255 motion. Therefore, Trudeau's Motion to preclude the court from construing his Motion for New Trial as a Motion pursuant to section 2255 is granted.

The court's actions in issuing the Notice and appointing counsel[5] were undertaken to protect Trudeau's interests, not to harm him, and are not unusual for a district court.  See, e.g., Castro v. United States, 540 U.S. 375, 377 (2003) ("Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a pro se federal prisoner has labeled differently."); United States v. Birrell, 482 F.2d 890, 892 (2d Cir. 1973) (district court had discretion to decide whether to appoint counsel to assist with a post-appeal motion for new trial).  The Supreme Court has noted that a district court may properly construe a pro se litigant's postconviction motion as a motion under section 2255 if "the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent section 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."  Castro v. United States, 540 U.S. 375, 377 (2003).  The court's Notice to Trudeau complied with all of these requirements.  See Notice and Ruling on Counsel's Mot. for Clarification of Status at 1-2 (Doc. No. 250).  Furthermore, the court docketed the Notice because the bulk of the claims raised in Trudeau's Reply to the government's Opposition to his Motion for New Trial cannot properly be considered in connection with his Rule 33 Motion, see United States v. Cammacho, 462 Fed. Appx. 81, 83 (2d Cir. 2012), and the court was concerned that Trudeau's ineffective assistance of counsel claims, if raised in

---

[5] As noted above, see supra note 1, the court did not sua sponte decide to appoint counsel to represent Trudeau, but rather granted the Motion filed by Trudeau's trial counsel requesting the appointment of alternate counsel to represent Trudeau in connection with his postconviction proceedings.  See Notice and Ruling on Counsel's Mot. for Clarification of Status at 2-3 (Doc. No. 250) (granting trial counsel's Motion to Withdraw and to Appoint Substitute Counsel); Mot. for Clarification of Status as Counsel or for Leave to Withdraw as Counsel and for Appointment of Substitute Counsel at 1 (Doc. No. 245) ("Counsel also request that substitute counsel be appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Mr. Trudeau in connection with the pending motion and for any further matters in the District Court related to Mr. Trudeau's post-trial motions.").

a subsequent section 2255 Motion, might be untimely under the strict limits instituted by the Antiterrorism and Effective Death Penalty Act, see 28 U.S.C. § 2255(f). The court appointed counsel to assist Trudeau in researching these issues and making an informed decision about how to proceed. Because the court's actions are not unusual, the court followed the proper procedures for these actions, and the court has granted Trudeau's Motions to treat his Motion for New Trial as captioned and to limit the role of appointed counsel to standby status, the court's actions do not demonstrate that the court is prejudiced against Trudeau.

Additionally, some of Trudeau's allegations of bias or lack of impartiality fail because the conduct of which Trudeau complains has a benign explanation. For example, Trudeau's contention that the court "block[ed] defendant from receiving all documents in this case," Trudeau Recusal Aff. at 3 (Doc. No. 255-1), has an innocent explanation: until the court granted the Motion to Withdraw by Trudeau's trial counsel, Trudeau's trial counsel had active appearances in his criminal case, and they were receiving notifications on his behalf as his duly appointed legal representatives, see Notice and Ruling on Counsel's Mot. for Clarification of Status (Doc. No. 250) (granting trial counsel's Motion to Withdraw on November 24, 2015). Similarly, Trudeau's allegation that the court is refusing to docket his filings is without merit, as the Motions Trudeau alleges have not been docketed were, in fact, docketed. Compare Mot. to Recuse at 4 (Doc. No. 257) ("As of this filing date of December 7, 2015, this Court has failed to enter on its docket, Defendant's Motion for Reconsideration with appended Motion for Recusal."), with Mot. for Reconsideration (Doc. No. 255) (docket entry for

Trudeau's Motion for Reconsideration and appended Affidavit regarding recusal).[6] These allegations fail to state grounds for recusal.[7]

Trudeau's remaining allegations are that the court has exhibited bias, prejudice, and lack of impartiality by sentencing "far worse defendant's [sic] to far less time" and by stating at Trudeau's sentencing that Trudeau's crimes "were at a PhD level." Trudeau Recusal Aff. at 2-3 (Doc. No. 255-1). As a preliminary matter, the court notes that both of these allegations complain of "conduct which arises in a judicial context," not "extrajudicial conduct," Apple, 829 F.2d at 333, which means that recusal on the basis of this kind of allegation would only be warranted "in the rarest circumstances," Liteky,

---

[6] The court also notes that the Motion for Reconsideration was docketed in CM/ECF on the same day that it was file stamped received by the office of the Clerk of Court, see Mot. for Reconsideration (Doc. No. 255), which suggests that the delays Trudeau believes he experienced in the docketing of his Motions were due to forces external to the court. This supposition is further supported by a letter Trudeau appended to a copy of his Motion to Recuse, in which Trudeau states that "This Motion . . . just came back to me today on 12-21-2015. I am mailing it right back to you today." Letter from Trudeau to Clerk (Doc. No. 261-1).

Even assuming arguendo there was a delay in the docketing of his Motion for Reconsideration that is attributable to the court, however, that delay could not have been longer than nineteen days, because that is the difference between the date on the caption of the Motion for Reconsideration and the date on which the Motion was docketed in CM/ECF. See id. More to the point, Trudeau has not been prejudiced by any delay in the docketing of his Motion because the court is giving the Motion and attached Affidavit full and timely consideration in this Ruling.

[7] These allegations also serve as the basis for Trudeau's Motion to "order the Clerk of Court of the United States District Court for the District of Connecticut, to timely file Defendant's Motion upon receipt of same, and also order the government to timely serve their motions and answers on Defendant." Mot. to Recuse at 5 (Doc. No. 257). It is not entirely clear what Trudeau's legal basis for seeking such an Order is, although it appears that he may be making a constitutional due process claim. See Mot. to Recuse at 4 (Doc. No. 257) ("These actions are clear obstructions of justice and violations of Defendant's due process and continue to permeate this action with constitutional discord . . . .").

Assuming arguendo that Trudeau's allegations, if true, would state a plausible claim under the Due Process Clause of the United States Constitution, the court concludes that Trudeau's claim has been mooted by virtue of the fact that he is now receiving notice as a pro se litigant, see Order (Doc. No. 264) (granting Trudeau's request that he be provided with electronic notice of all filed documents), and that the documents Trudeau claims were withheld by the Clerk of Court have been docketed, see Mot. for Reconsideration (Doc. No. 255); Mot. to Recuse (Doc. No. 257); Second Mot. to Recuse (Doc. No. 258). Thus, the court terminates as moot Trudeau's Motion to Order the Clerk of Court to file Trudeau's Motions for Reconsideration and Recusal. See Mot. to Recuse at 4 (Doc. No. 257).

510 U.S. at 555. After careful consideration, the court concludes that those circumstances are not presented by these allegations.

With respect to the allegation that the court has sentenced other defendants to less time in prison, Trudeau is correct that one of the factors the court must take into account in imposing a sentence on a defendant is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, this factor is but one of seven factors the court must consider when imposing a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth" in the statutory sentencing scheme. Id. at § 3553(a). Therefore, even if Trudeau could specifically allege that he knows of other defendants who possessed similar records, committed similar crimes, and were sentenced to shorter periods of incarceration than he was (which he has not done), that fact alone would fail to demonstrate that the court is biased against Trudeau, because the court's consideration of the other factors mandated by section 3553(a) could warrant the imposition of different sentences as to these defendants.

The allegation that the court expressed bias or prejudice against Trudeau by stating at Trudeau's sentencing that his crimes "were at a PhD level," Trudeau Recusal Aff. at 4 (Doc. No. 255-1), also fails to state plausible grounds for recusal. Even assuming arguendo that this statement indicates that the court was ill-disposed toward Trudeau—which is a generous assumption, given that the statement appears to express the court's view that Trudeau's crimes were serious and complex, not that the court is biased against Trudeau—the court's attitude toward Trudeau would not merit transfer to

another judge.  As the Supreme Court has noted, judges who preside over criminal matters may, at the conclusion of those proceedings, "be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings."  Liteky, 510 U.S. at 550-51.  Indeed, the court's formation of views about the person and conduct of a criminal defendant on the basis of evidence presented at trial are "necessary to completion of the judge's task," i.e., the formation of opinions, whether positive or negative, is part of rendering an appropriate decision in the case before the court.  Id. at 551.  The statement Trudeau alleges is indicative of the court's bias is not evidence of a lack of impartiality, but rather an example of the court undertaking the serious task of passing judgment on the conduct of a person who has been convicted of a crime.

In sum, Trudeau's Affidavit and Motions to Recuse have failed to allege that there are reasonable grounds for questioning the court's impartiality, or that the court has "personal bias or prejudice concerning a party."  28 U.S.C. § 455(a)-(b).  Recusal is therefore not warranted under section 144 or section 455.  Trudeau's Motions to Recuse (Doc. Nos. 257, 258) are **DENIED**.

## V.    CONCLUSION

For the foregoing reasons, Trudeau's Motion for Reconsideration (Doc. No. 255) is **DENIED** as moot.  Trudeau's Motion to Recuse (Doc. No. 257) and Second Motion to Recuse (Doc. No. 258) are **DENIED**.  Trudeau's Motion not to construe his Motion for New Trial as a Motion pursuant to section 2255 (Doc. No. 257) is **GRANTED**.

Trudeau's Motion to prohibit the interference of the Clerk of Court with the filing of Trudeau's pending Motions (Doc. No. 257) is **TERMINATED AS MOOT**.  Finally, the court notes that it has already granted Trudeau's Motion to limit the appointment of counsel to standby status.  See Order (Doc. No. 259).

    **SO ORDERED**.

    Dated at New Haven, Connecticut, this 11th day of February, 2016.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge