UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE NO. 10-CR-234 (JCH) |
| v. | |
| WILLIAM A. TRUDEAU, JR.,<br>Defendant. | FEBRUARY 16, 2016 |

**RULING RE: DEFENDANT'S MOTION FOR NEW TRIAL (DOC. NO. 242)**

**I.    INTRODUCTION**

Pending before the court is a Motion filed by the defendant, William A. Trudeau, Jr. ("Trudeau") for a new trial. See Mot. for New Trial (Doc. No. 242). In that Motion, filed pro se, Trudeau asserts that he is entitled to a new trial on the basis of newly discovered evidence that proves he is actually innocent of Count Nine of his criminal Indictment, see Mot. for New Trial at 1 (Doc. No. 242), which charged Trudeau with wire fraud in violation of section 1343 of title 18 of the United States Code, see Indictment at 16 (Doc. No. 1). Trudeau further asserts that, because he is actually innocent of Count Nine of the Indictment, he is also necessarily innocent of Count One of the Indictment, see Mot. for New Trial at 1 (Doc. No. 242), which charged Trudeau with conspiracy to commit bank fraud, mail fraud, and wire fraud in violation of section 1349 of title 18 of the United States Code, see Indictment at 1 (Doc. No. 1). Trudeau was convicted of Counts One and Nine of the Indictment at the conclusion of a jury trial on October 9, 2012. See Jury Verdict at 1, 2 (Doc. No. 171). The jury acquitted Trudeau of Counts Two through Eight of the Indictment. See id.

1

Trudeau's actual innocence argument derives from his contention that Count Nine of the Indictment was related to a single, $50,000 loan Trudeau obtained from James Agah ("Agah"). See Mot. for New Trial at 1 (Doc. No. 242). Trudeau claims that Agah loaned this money to Trudeau without a lending license, and also charged Trudeau an interest rate on the loan that was usurious. See id. at 5. Trudeau argues, without citation to authority, that the fact that Agah charged him a criminally usurious interest rate on the $50,000 loan means that Trudeau is actually innocent of wire fraud, because "[a]s a matter of law, a crime cannot occur if the victim of the alleged fraud committed loan sharking." Id. at 5. Trudeau further contends that, once his conviction on Count Nine is vacated, "Count One must fall as Count Nine was the object of the conspiracy" alleged in Count One. Id. at 1. Trudeau claims that he only recently learned that Agah committed a crime when he loaned the money to Trudeau, and that this fact constitutes newly discovered evidence that warrants a new trial. See id. at 6-7.

For the reasons that follow, Trudeau's Motion for New Trial (Doc. No. 242) is **DENIED**.

II. **BACKGROUND**

In November 2010, a federal grand jury returned a nine count Indictment against Trudeau that charged him with bank fraud, mail fraud, wire fraud, and conspiracy to commit the aforementioned crimes. See Indictment (Doc. No. 1). On October 9, 2012, a jury convicted Trudeau of one count of wire fraud and the count of conspiracy. See Jury Verdict (Doc. No. 171). The court sentenced Trudeau to 188 months imprisonment, five years of supervised release, and restitution of $4,260,008.40. See Judgment at 1-2 (Doc. No. 200).

Trudeau appealed his sentence, making arguments that appear again in the present Motion: namely, that the jury convicted him of a single, $50,000 wire fraud (Count Nine), and that the fraud set forth in Count Nine was necessarily the object of the conspiracy for which he was convicted (Count One).  Br. for Def.-Appellant William Trudeau at 16, United States v. Trudeau, 562 Fed. Appx. 30 (2d Cir. 2014).  The Second Circuit rejected these arguments, finding that the court acted properly when it found, by a preponderance of the evidence and for purposes of sentencing, that the conspiracy for which Trudeau was convicted was a multi-object conspiracy that went beyond the single wire fraud charged in Count Nine.  See Trudeau, 562 Fed. Appx. at 33-34.

The Second Circuit held, however, that the court improperly concluded that the statutory maximum sentence for Trudeau's crimes was thirty years, and therefore remanded for the court to assess whether it would have sentenced Trudeau differently if the court had used the correct statutory maximum in its deliberations.  Id. at 35.  After due consideration, the court found that it would have imposed the same sentence on Trudeau had it understood that the statutory maximum was twenty years imprisonment, and therefore declined to resentence him.  See Decision after Consideration of Question on Remand from the U.S. Ct. of Appeals for the Second Circuit at 3 (Doc. No. 237).

Trudeau appealed again, and again contended that the court erred in determining for purposes of sentencing that the conspiracy for which Trudeau was convicted was multi-object.  See Br. for Def.-Appellant William Trudeau at 8-9, United States v. Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014).  The Second Circuit summarily

affirmed the court's decision not to resentence Trudeau.  See Trudeau, No. 14-2449 (2d Cir. Nov. 5, 2014) (Doc. No. 241).

A year after the conclusion of his last direct appeal—and three years after the jury returned a verdict of guilty on the counts of conspiracy and wire fraud in his criminal trial—Trudeau, acting pro se, filed a Motion seeking a new trial on the basis of newly discovered evidence.  See Mot. for New Trial (Doc. No. 242).  On October 21, 2015, the court ordered the government to show cause why Trudeau's Motion should not be granted.  See Order to Show Cause (Doc. No. 243).  The government filed an Opposition to Trudeau's Motion for New Trial on November 2, 2015.  See Government's Mem. in Response to Order to Show Cause (Doc. No. 244).  Trudeau filed a timely Reply to the government's Opposition.  See Def.'s Reply to Government Response to Order to Show Cause ("Def.'s Reply") (Doc. No. 248).

On November 17, 2015, the court entered a Ruling on Trudeau's Motion for New Trial.  See Ruling (Doc. No. 246).  Three days later, after realizing that this Ruling was entered prior to the expiration of time for Trudeau to file a Reply to the government's Opposition to his Motion for New Trial, the court vacated the Ruling.  See Order (Doc. No. 249) (vacating the court's Ruling on Trudeau's Motion for New Trial).

Trudeau subsequently filed several Motions that sought to cause the court to recuse itself.  See Def.'s Response to this Court's Notice and Ruling on Counsel's Mot. for Clarification of Status (Doc. No. 245), Mot. in Opp. to Appointment of Counsel and Def.'s Supplemental Mot. for Recusal of the Hon. Janet C. Hall and Prohibition Demand from the Interfering of Judge Hall and Roberta [sic] D. Tabora, Clerk of the United States District Court for the District of Connecticut ("Mot. to Recuse") (Doc. No. 257);

Def.'s Second Supplemental Mot. for Recusal (Doc. No. 258).  The court denied Trudeau's Motions to Recuse and terminated as moot several other Motions filed in conjunction with his recusal Motions in a Ruling dated February 11, 2016.  See Ruling (Doc. No. 266).  Having determined that recusal is not warranted, the court now proceeds to the merits of Trudeau's pending Motion for New Trial (Doc. No. 242).

### III.    STANDARD OF REVIEW

Pursuant to the Federal Rules of Criminal Procedure, a defendant may file a motion for a new trial, which may be granted "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A motion for a new trial on the basis of newly discovered evidence must be filed within three years of the jury verdict or finding of guilty, while motions based on other grounds must be filed within 14 days of the verdict or finding of guilty.  See id. at 33(b).  A successful Rule 33 motion on the basis of newly discovered evidence requires: "(1) the evidence be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal."  United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007).

Although a district court "has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29," the court "nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'"  United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)).  "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice."  Id. at 134.  "In other words, there must be a real concern that an innocent person may have been

convicted" for the ordering of a new trial to be appropriate.  United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotations, alteration, and citation omitted).

## IV.   DISCUSSION

As a preliminary matter, the court notes that Trudeau's Motion for New Trial was filed more than fourteen days after the jury returned a verdict in his criminal trial. Compare Jury Verdict at 2 (Doc. No. 171) (dated October 9, 2012), with Mot. for New Trial at 7 (Doc. No. 242) (dated October 2, 2015).  Therefore, the only ground on which Trudeau may seek a new trial under Rule 33 is the existence of newly discovered evidence.  See Fed. R. Crim. P. 33(b).  For the reasons that follow, the court concludes that Trudeau's contention that there is newly discovered evidence that warrants the grant of a new trial in his case is without merit.

First, Trudeau's Motion for New Trial is wholly devoid of evidence, which is "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact," or "anything presented to the senses and offered to prove the existence or nonexistence of a fact."  Evidence, Black's Law Dictionary (10th ed. 2014).  Instead of presenting evidence, Trudeau's Motion for New Trial articulates a legal theory—that the purportedly usurious interest rate charged by Agah on the $50,000 loan means that it was not possible for Trudeau to have committed wire fraud with respect to the Agah transaction—that Trudeau claims is newly discovered.  See Mot. for New Trial at 6 (Doc. No. 242).  Legal theories are not evidence within the meaning of Rule 33.  See, e.g., United States v. Olender, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); United States

6

v. Walker, 182 F.3d 902 (2d Cir. 1999) (summary order); United States v. Shelton, 459 F.2d 1005, 1006-07 (9th Cir. 1972) ("While the term 'newly discovered evidence' as used in Rule 33 is often evidence only in a loose sense, . . . it has not been extended to 'discovery' of a new issue of law.' (internal quotations and citation omitted)).  Therefore, Trudeau's Motion does not offer or cite evidence that would warrant relief under Rule 33.

However, in his Reply Trudeau invokes section 1746 of title 28 of the United States Code and "declare[s] under penalty of perjury" that the statements contained in his Reply are true and correct.  Def.'s Reply at 15 (Doc. No. 248).  Trudeau also appends an unsigned, unsworn letter from a former attorney, a notarized "Satisfaction of Debt" statement from James Agah, and the promissory note for the Agah loan to his Reply.  See id. at 17-19.  Although the court questions whether these materials are truly "evidence" within the meaning of Rule 33, for purposes of this Ruling the court assumes, without deciding, that Trudeau's submissions constitute evidence.

Second, assuming arguendo that Trudeau has submitted evidence in support of his Motion for New Trial, the evidence Trudeau has submitted is not "newly discovered" within the meaning of Rule 33.  "[I]n order to constitute newly discovered evidence, not only must the defendant show that the evidence was discovered after trial, but he must also demonstrate that the evidence 'could not with due diligence have been discovered before or during trial.'"  United States v. Forbes, 790 F.3d 403, 408-09 (2d Cir. 2015) (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980)).  Trudeau was well aware of the facts relevant to the claims in the present Motion at the time of his trial.  Trudeau himself cites a portion of the trial transcript where Agah testified that Trudeau

7

repaid Agah $56,000 on a $50,000 loan that Trudeau held for approximately six months. See Mot. for New Trial at 3 (Doc. No. 242). The only thing Trudeau claims is "newly discovered" is that Connecticut prohibits annual interest rates in excess of twelve percent for certain loans. See Conn. Gen. Stat. Ann. § 37-4; see also Mot. for New Trial at 6 (Doc. No. 242) ("The Defendant was not aware of the Agah violations of Connecticut law until September 30, 2015, when a former lawyer and CEO of a mortgage company, housed with your Defendant [enlightened] the Defendant."). Trudeau offers no reason he or his trial counsel could not have uncovered Agah's alleged usury through the exercise of "due diligence" before or during his trial.[1] Therefore, the "evidence" set forth in Trudeau's Motion is not newly discovered, and he is not entitled to relief under Rule 33.

Third, even if Trudeau's Motion set forth newly discovered evidence—which it does not—the interests of justice would not require the court to order a new trial in this case, because the substance of Trudeau's Motion is without merit. The crime charged in Count Nine of the Indictment was complete at the time Trudeau sent the relevant

---

[1] Construing Trudeau's pro se filings liberally, Trudeau's Reply appears to argue that the allegedly usurious nature of the Agah transaction was not discoverable because of the ineffectiveness of his trial counsel. See Def.'s Reply at 5 (Doc. No. 248). However, the question of whether Trudeau's trial counsel were ineffective for failing to argue that the Agah transaction was usurious is a separate question from the question of whether counsel could have discovered the facts relevant to this argument through the exercise of due diligence prior to or during trial. Cf. Siddiqi v. United States, 98 F.3d 1427, 1437 (2d Cir. 1996) (noting that the court had previously denied defendant's Motion for New Trial on the grounds that evidence not presented at trial could have been discovered through exercise of due diligence of defense counsel, but considering whether defense counsel's failure to exercise due diligence constituted ineffective assistance).

Trudeau has objected to the court's proposed construction of his Motion for New Trial as a Motion pursuant to section 2255 of title 28 of the United States Code, see Mot. to Recuse at 2 (Doc. No. 257), and a Motion for New Trial is not the proper vehicle for presenting ineffective assistance of counsel claims, see United States v. Cammacho, 462 Fed. Appx. 81, 83 (2d Cir. 2012). Therefore, the court will not consider the merits of Trudeau's ineffective assistance of counsel claims in this Ruling. More to the point, the fact that Trudeau claims his trial counsel were ineffective does not show that the evidence Trudeau presents in his Motion for New Trial could not have been discovered through the exercise of due diligence by Trudeau or his trial counsel, which, as noted above, is a necessary component of a meritorious Rule 33 Motion.

communication with the intent to defraud; it is not an element of the federal crime of wire fraud that the person perpetrating the fraud actually receive money as a result of the fraudulent transmission. See 18 U.S.C. § 1343 (making it a crime to "transmit[ ] or cause[ ] to be transmitted" a communication that is directed at "obtaining money or property by means of false or fraudulent pretenses"); United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996) (noting that under section 1343, "the government need not prove that the scheme successfully defrauded the intended victim"). Thus, Trudeau's wire fraud was complete before Agah allegedly charged Trudeau a criminally usurious interest rate on the loan. Even if it were true that Agah committed a crime when he charged Trudeau interest on the $50,000 loan, Agah's crime would not negate Trudeau's liability for the crime he had already committed and for which he was convicted.

Trudeau's Motion for New Trial and Reply provide no authority for his contention to the contrary, i.e., that "a crime cannot occur if the victim of the alleged fraud committed loan sharking." Mot. for New Trial at 5 (Doc. No. 242). In a separate filing, however, Trudeau invokes the Sixth Amendment of the United States Constitution in support of this proposition. See Def.'s Response to Government's Mem. in Response to Def.'s Suppl. Mot. for Recusal at 1 (Doc. No. 263) ("[P]ursuant to the Sixth Amendment to the United States Constitution, a crime cannot occur if the victim of the alleged fraud committed loan sharking."). But the plain text of the Sixth Amendment does not contain this guarantee, see U.S. Const. amend. VI, and the court is unaware of any authority that supports this interpretation of the Sixth Amendment. The court has also been unable to locate any other authority that supports Trudeau's argument that,

9

because he was victimized by Agah, he cannot be guilty of the crimes for which he was convicted.

The only authority the court can find that even comes close to supporting Trudeau's argument is the fact that, under Connecticut law, a borrower who is charged an usurious interest rate on a loan may be able to use that fact as a defense in some <u>civil</u> lawsuits.  See Conn. Gen. Stat. Ann. § 37-8 (noting that "[n]o action shall be brought to recover principal or interest" on a loan made at a usurious interest rate); <u>Ferrigno v. Cromwell Development Associates</u>, 244 Conn. 189, 193 (1998) (explaining that under Connecticut law, usurious interest rates may subject lenders to "criminal penalties and civil forfeiture").  However, that defense is not applicable to <u>criminal</u> cases such as this one.  Furthermore, Trudeau was convicted of federal crimes, not state crimes.

Finally, it bears noting, as a matter of law, that it is not true that Agah charged Trudeau a criminally usurious interest rate on the $50,000 loan.  Agah testified that he received a mortgage in exchange for the loan that he gave to Trudeau.  <u>See</u> Trial Tr., Fifth Day of Test., at 70.  Mortgages of real property for sums greater than $5,000 are not subject to the criminal and civil penalties for usurious loans provided for by Connecticut law.  <u>See</u> Conn. Gen. Stat. Ann. § 37-9(3); <u>Ferrigno v. Cromwell Development Associates</u>, 244 Conn. 189, 194 (1998) (noting that mortgages "for amounts in excess of $5000 with interest rates greater than 12 percent per annum are exempt from the operation of [section] 37-4" and therefore such mortgages are not subject to the criminal penalties and civil sanctions provided for by Connecticut statute).  Because Agah would not have been subject to criminal penalty for charging Trudeau an

annual interest rate in excess of twelve percent on a $50,000 loan secured by a mortgage on real property, Trudeau's theory that he is not liable for his own criminal activity because he was the victim of a crime is wholly without merit.

Trudeau argues that the real property mortgage exception is inapplicable to his case because "[t]he transaction was certainly not a mortgage loan." See Def.'s Reply at 14 (Doc. No. 248). In support of this proposition, Trudeau has submitted the promissory note for the Agah loan, which he notes does not say that the loan was secured by a mortgage on real property. See id. at 14, 19. However, promissory notes and mortgages are "separate instruments, executed for different purposes." Ankerman v. Mancuso, 271 Conn. 772, 777 (2004) (internal quotations, alterations, and citation omitted). "A promissory note is simply a written contract for the payment of money," whereas "[a] mortgage . . . is a conveyance of title to property that is given as security for the payment of a debt." Id. at 777-78 (internal quotations and citation omitted). At Trudeau's trial, Agah testified that both a promissory note and a mortgage were executed with respect to the $50,000 loan transaction. See Trial Tr., Fifth Day of Test., at 70. Therefore, the fact that Trudeau attached only a promissory note for the loan to his Reply does not prove that the loan was not secured by a mortgage and thus not exempt from the interest rate caps of Connecticut law.

Even if Trudeau was correct that the real property mortgage exception does not apply to the Agah transaction, however, it would not change the outcome of this Ruling: as noted above, the deeper problems with Trudeau's Motion for New Trial are (1) the fact that Trudeau's Motion and supporting documents fail to present newly discovered

evidence, and (2) the fact that Agah's allegedly criminal actions do not absolve Trudeau of liability for his own criminal behavior.

For the forgoing reasons, Trudeau's Motion for New Trial and supporting documents do not contain newly discovered evidence and are without merit as a matter of law. An evidentiary hearing on the Motion is unnecessary. See Forbes, 790 F.3d at 411. Trudeau's Motion for New Trial (Doc. No. 242) is denied.

## V.     CONCLUSION

Trudeau's Motion for New Trial (Doc. No. 242) does not present newly discovered evidence, and the substance of the Motion is without merit. As a result, "the interest of justice" does not require a new trial in this case. Fed. R. Crim. P. 33(a). The Motion for New Trial (Doc. No. 242) is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 16th day of February, 2016.

  /s/ Janet C. Hall  
Janet C. Hall  
United States District Judge