UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES, | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:10-CR-0234 (JCH) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM TRUDEAU, | : | NOVEMBER 19, 2025 |
|    Defendant. | : | |

**RULING ON MOTION FOR A WRIT OF ERROR _CORAM NOBIS_ OR TO MODIFY SENTENCE PUSUANT TO 18 U.S.C. § 3582 (DOC. NO. 359)**

**I.   INTRODUCTION**

The defendant, William Trudeau, moved through counsel to amend the Judgment to reduce the terms of the restitution imposed on him.  See Defendant's Motion for a Writ of Error Coram Nobis or to Modify Sentence Pursuant to 18 U.S.C. § 3582 (Doc No. 359) ("Mot. Writ of Coram Nobis"); and Memorandum in Support ("Mem. Coram Nobis").  The government opposes the Motion.  See Government's Opposition to Defendants Motion for Writ of Error Coram Nobis Regarding Restitution (Doc. No. 361) ("Gov. Opp'n.").  Mr. Trudeau replied in support of his Motion.  See Defendant's Reply Memorandum in Support of Motion for a Writ of Error Coram Nobis or to Modify Sentence Pursuant to 18 U.S.C. § 3582 (Doc. No. 364) ("Def. Reply").

For the reasons stated below, the court denies the Motion.

**II.   BACKGROUND**

On October 9, 2012, Mr. Trudeau was convicted by a jury of one count of conspiracy in violation of section 1349 of title 18 of the U.S. Code, and one count of wire fraud, in violation of section 1343 of title 18.  See Jury Verdict (Doc. No. 171); Jury Charge (Doc. No. 169).  On February 15, 2013, Mr. Trudeau was sentenced to

1

concurrent terms of 188 months of imprisonment on each count and five years of supervised release.  See Judgment (Doc. No. 200).

After several unsuccessful motions for a new trial or reconsideration, see, e.g., Ruling Denying Mot. for New Trial (Doc.'s No.'s 246, 267); Ruling Denying Mot. for Reconsideration (Doc. No. 266), on February 12, 2016, Mr. Trudeau filed a Motion under section 2255 of title 28 of the U.S. Code.  See No:3:16-cv-00273, Mot. to Vacate, Set Aside, or Correct Sentence (Doc. No. 1); Addendum (Doc. No. 9); Mem. of Law in Support of Mot. to Vacate, Set Aside, or Correct Sentence (Doc. No. 11). On May 3, 2017, the court denied Mr. Trudeau's section 2255 Motion. See Ruling Re: Mot. to Vacate, Set Aside, or Correct Sentence (Doc. No. 34).

Between 2017 and 2021, Mr. Trudeau moved, pro se, several times for reconsideration of his sentence as well as compassionate release in light of the COVID pandemic, all of which this court denied.  See, e.g., No: 10-cr-00234, Order Re: Mot. for Reconsideration (Doc. No. 325); Order Re: Mot. for Recons. (Doc. No. 334); Ruling Re: Mot. for Order and Resentencing Hr'g and Mot. for Clarification (Doc. No. 337).  The most recent Order transferred Mr. Trudeau's Motion for Immediate Release (Doc. No. 338) to the Court of Appeals to the extent it constituted a petition for habeas corpus relief.  See Ruling Re: Motion for Release (Doc. No. 343); Order of Transfer (Doc. No. 344).  The Court of Appeals denied Mr. Trudeau leave to file a successive section 2255 motion.  See Mandate of the U.S. Court of Appeals (Doc. No. 347).

On November 9, 2024, Mr. Trudeau filed a Motion for Writ of Error Coram Nobis regarding his term of supervised release.  See Defendants Unopposed Motion for Writ of Error Coram Nobis (Doc. No. 354).  The court granted Mr. Trudeau's Motion and

amended the Judgment (Doc. No. 200) to reflect a term of supervised release of three years.  See Ruling Re: Motion for Writ of Error Coram Nobis (Doc. No. 356).

## III. LEGAL STANDARD

Writs of coram nobis were "available at common law to correct error of fact." United States v. Morgan, 346 U.S. 502, 507 (1954). They are issued pursuant to section 1651 of title 28 of the U.S. Code, see id. at 506; Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam)—known as the "All Writs Act"—which grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law." 28 U.S.C. § 1651(a).  Critically, however, if a statute addresses the relevant issue, then that statute—not the All Writs Act—controls.  Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985))).  Coram nobis is thus typically "a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (quoting Fleming, 146 F.3d at 89-90).

A petitioner seeking a writ of coram nobis "must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (internal quotation marks omitted) (quoting Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)).  The Second Circuit has assumed, but not decided, that the writ of coram nobis may be available for

3

petitioners to challenge restitution in certain circumstances.  See United States v. Stenger, 2024 WL 3220260, at *2 (2d Cir. June 28, 2024), cert. denied, 145 S. Ct. 2846 (2025).

**IV.   DISCUSSION**

     A.   18 U.S.C. Section 3582 Does Not Apply

Mr. Trudeau seeks to modify his Order of Restitution through the application of section 3582 of U.S. Code title 18.  See Mem. Coram Nobis at 15.  This provision is directed at the sentence of imprisonment, not restitution.  Mr. Trudeau admitted that this section does not provide a statutory alternative to modify a restitution judgment.  Id. at 15-16.  Therefore, the court will not analyze possible relief under section 3582.

     B.   Amendment 826 is Not Retroactive and Therefore Not Applicable

Effective November 1, 2024, the United States Sentencing Commission issued Amendment 826.  See Amendment 826, United States Sentencing Commission, https://www.ussc.gov/guidelines/amendment/826 [https://perma.cc/3NPA-FK9Y].  This amendment revised section 1B1.3 of the Guidelines by adding subsection (c), which provides that, for purposes of assessing relevant conduct in calculating a defendant's Guidelines range, "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction."  Guidelines § 1B1.3(c).  The Commentary to section 1B1.3 explains that, in "cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction . . . the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct."  Guidelines § 1B1.3(c) cmt. n.10.

Mr. Trudeau contends that the sentencing court relied upon acquitted conduct in determining an applicable sentencing guideline. See Mem. Coram Nobis at 4. He argues that that recent change in the law lies at the heart of his Motion. Id.

Mr. Trudeau is correct in that, over the last decade, there has been much debate regarding the use of "acquitted conduct" during sentencing. See, generally, and e.g., McClinton v. United States, 143 S. Ct. 2400, 2401-03 (2023) (Sotomayor, J., dissenting from denial of certiorari) (statement of Kavanagh, Gorsuch, and Barrett, Js., respecting denial of certiorari).

Only certain amendments are specified by the Guidelines to apply retroactively. See U.S.S.G. §1B1.10(d) (referring to amendments listed that are retroactively applied); United States v. Caceda, 990 F.2d 707, 710 (2d Cir. 1993). Thus, the threshold question of determining the applicability of Amendment 826 to Mr. Trudeau is one of retroactivity. Amendment 826 does not apply retroactively. See United States v. Frias, No. 01-CR-307-3 (DLC), 2024 WL 5155128, at *1 (S.D.N.Y. Dec. 18, 2024); United States v. Cahuana-Barrientos, No. 19CR91-12 (DLC), 2025 WL 2720571, at *2 (S.D.N.Y. Sept. 24, 2025) ("Amendment 826 to the Sentencing Guidelines went into effect on November 1, 2024, and does not apply retroactively."). Mr. Trudeau's Judgment was entered on February 15, 2013 (Doc. No. 200-201) and Amended on January 4, 2024 (Doc. No. 357). Amendment 826 was effectuated on November 1, 2024. Because Amendment 826 is not applicable to Mr. Trudeau, his motion must be denied.

### C. Even if Amendment 826 were Applicable Retroactively, the Sentence is Permitted

Even if Amendment 826 were to apply retroactively, the calculations in this case would not change. Even with the Amendment, the Sentencing Commission provides District Courts broad discretion where an offense might overlap with acquitted counts, which permits the court to include as part of the offense of the conviction the relevant conduct which overlaps both the instant offense and relevant conduct.

The Acquitted Conduct Amendment under 1B1.3(c) specifically qualifies:

> ACQUITTED CONDUCT—Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction.

The Application Note 10 adds further commentary:

> Acquitted Conduct – Subsection (c) provides that relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction. There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct.

Mr. Trudeau was convicted on Count One – a broad multi-object conspiracy. See Judgment. (Doc. No. 200). Additionally, the Guidelines have not changed as to how a court may aggregate loss in multi-object conspiracies. U.S.S.G. Section 1B1.2(d) Application Note 4 references 1B1.3(a)(2), which was used by this court to determine losses and upheld by the Second Circuit on appeal. See United States v. Trudeau, 562 Fed. Appx. 30, 34 (2d Cir. 2014). Thus, this court sees no need to revisit a calculation which was already affirmed on appeal and is unaffected by the Guideline amendment.

*         *         *

This court does not take lightly the possibility that Mr. Trudeau may have received a different sentence if he were sentenced today.  However, even if Mr. Trudeau was sentenced today, Amendment 826 would not preclude the court from considering the conduct underlying the charges at sentencing.  However, in abundance of caution, the court will examine the possibility of a <u>coram nobis</u> petition in Mr. Trudeau's case.

      D.    <u>Circumstances Compelling Action to Achieve Justice are Not Present</u>

A writ of error <u>coram nobis</u> is an "extraordinary remedy." <u>Kovacs v. United States</u>, 744 F.3d 44, 49 (2d Cir. 2014); citing <u>United States v. Morgan</u>, 346 U.S. 502, 511 (1954).  A petitioner seeking <u>coram nobis</u> relief must demonstrate that: (1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier relief; and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.  <u>Kovacs v. United States</u>, 744 F.3d 44, 49 (2d Cir. 2014).

Here, Mr. Trudeau was convicted on two counts, one of which was a complex mortgage fraud conspiracy.  <u>See</u> Judgment (Doc. No. 200).  The court took painstaking efforts to review all parties affected by the conspiracy in determining the restitution.  <u>See</u> Restitution Order (Doc. No. 212).  While it is admirable Mr. Trudeau seeks to support his family, the fact remains that he committed significant fraud and took money from many victims.  Restitution is a significant aspect of restoring a victim to the position occupied before injury.  <u>See</u> <u>United States v. Certified Env't Servs., Inc.</u>, 753 F.3d 72, 99 (2d Cir. 2014).  Reducing Mr. Trudeau's restitution to zero, as he suggests, would be a dismissal of the victims' injuries.  Thus, there are no circumstances here compelling

action to achieve justice, the first required prong in a coram nobis petition. As such, there is no need to delve further into the applicability of coram nobis.

## V.     CONCLUSION

For the reasons stated above, the court denies the Motion for Writ of Error Coram Nobis (Doc. No. 359).


**SO ORDERED.**

Dated at New Haven, Connecticut this 19th day of November 2025.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge